IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LUCIOUS ALLEN DANIELS, JR., Individually and as Administrator of the Estate of Lucious Allen Daniels, Sr., Deceased, MARY A. DANIELS, Individually as surviving spouse, LASHEBA MORTIMER, Individually and MARIKA DANIELS, Individually, as surviving children of Lucious Allen Daniels, Sr., Deceased, <br><br>Plaintiffs, <br><br>v. <br><br>THE UNITED STATES OF AMERICA, <br><br>Defendant. | CIVIL ACTION NO.: CV213-092 |

## ORDER

Presently before the Court is Defendant's Notice of Objection to Depositions Taken in Plaintiffs' State Court Case (Doc. 59), to which Plaintiffs have filed a Response (Doc. 60). As relevant background, Plaintiffs filed this action on July 15, 2013, seeking relief from Defendant and the Georgia Department of Transportation ("GDOT") for a fatal incident that Plaintiffs alleged was caused by a metal gate owned and operated by Defendant and GDOT. (Doc. 1, p. 1; see also Doc. 15, pp. 1, 8–9, 13).[1] This Court dismissed GDOT from this case on October 1, 2013, upon a joint stipulation of the

---

[1] Plaintiffs' Complaint also named The United States Army Corps of Engineers as a Defendant (Doc. 1, p. 1); however, this Court, upon a consent motion of the parties, dismissed The United States Army Corps of Engineers from this case on November 12, 2013 (Doc. 26, p. 1). It appears that the The United States Army Corps of Engineers had no involvement in the later-occurring events giving rise to the instant Objection.

parties (Doc. 18, p. 1), and Plaintiffs have pursued their claims against GDOT in a separate action in state court (see Doc. 59, pp. 3–4). While later conducting discovery for their state-court action, Plaintiffs deposed two GDOT employees, David Michael Griffin ("Griffin") and Michael Owens ("Owens"), concerning the ownership and operation of the metal gate. (Doc. 57, Ex. A, pp. 1, 8–38; id. at Ex. B, pp. 1, 6–36). Plaintiffs recently filed the Griffin and Owens depositions in this case as exhibits in support of their Supplemental Response in Opposition to Defendant's Motion to Dismiss or for Alternative Sanctions Due to Spoliation (Doc. 57), prompting Defendant to file the instant Objection to Plaintiffs' use of depositions taken in their state-court case (Doc. 59, p. 1).

Defendant contends that Plaintiffs may not use the Griffin and Owens depositions as evidence of negligence in this case based on Federal Rule of Civil Procedure 32(a)(1) ("Rule 32(a)(1)"), which contains three general requirements for using a deposition in a court proceeding. (Doc. 59, p. 2 (citing Fed. R. Civ. P. 32(a)(1))). Specifically, Defendant maintains that Plaintiffs fail to meet the first requirement of Rule 32(a)(1) stating that the party against whom the deposition is being offered must have been "present or represented at the taking of the deposition or had reasonable notice of it." (Id. (emphasis omitted) (quoting Fed. R. Civ. P. 32(a)(1)(A))). Defendant reasons that it was neither present nor represented by GDOT at the taking of the Griffin and Owens depositions, because GDOT's motive to cross-examine the deponents likely was to deflect responsibility for the operation of the metal gate onto Defendant rather than to protect Defendant's interests. (Id. at pp. 3, 5). Defendant further alleges to have lacked any reasonable notice of the depositions, because Plaintiffs never identified Griffin and

AO 72A
(Rev. 8/82)

Owens in their disclosures in this case and never informed Defendant that depositions arranged for their state-court case could lead to discoverable information in this case. (Id. at pp. 3–5).[2]

Plaintiffs respond that their use of the Griffin and Owens depositions in this case does not violate Rule 32(a)(1). (Doc. 60, p. 1). Plaintiffs first suggest that Rule 32(a)(1) is not violated, because GDOT represented Defendant's interests at the taking of the depositions: Plaintiffs aver that GDOT's motive to cross-examine the deponents would have been similar to that of Defendant, given that both GDOT and Defendant deny responsibility for the metal gate, and that the cases involve the same issues and questions of law and fact. (Id. at p. 2). Plaintiffs also assert that Rule 32(a)(1) is not violated, because Plaintiffs' use of the depositions in this case is not as evidence of negligence in their case in chief but merely as evidence of Defendant's knowledge in support of their Supplemental Response in Opposition to Defendant's Motion to Dismiss or for Alternative Sanctions Due to Spoliation. (Id. at p. 3). Plaintiffs separately argue that Defendant's Objection is meritless based on a lack of prejudice. (Id. at pp. 4–6).

Rule 32(a)(1) provides the general rule that a deposition may be used "[a]t a hearing or trial" against a party if three requirements are met:

> the party was present or represented at the taking of the deposition or had reasonable notice of it; . . . it is used to the extent it would be admissible

---

[2] Defendant emphasizes that it intends to merely state, at this time, its Objection to Plaintiffs' filing of the Griffin and Owens depositions in support of their Supplemental Response in Opposition to Defendant's Motion to Dismiss or for Alternative Sanctions Due to Spoliation. (See Doc. 59, p. 5; see also Doc. 57). Defendant maintains that it reserves the right to file, at a later time, a motion in limine to exclude these depositions from evidence. (Doc. 59, p. 5). Defendant explains that a motion in limine will be necessary only in the event that Defendant is not provided an opportunity to cross-examine Griffin and Owens, and thereby cure any prejudice, in the discovery period following a ruling on Defendant's Motion to Dismiss or for Alternative Sanctions Due to Spoliation. (Id. (citing Doc. 50)). As a result, the Court decides today only whether Plaintiffs may use the Griffin and Owens depositions in their briefing on Defendant's pending Motion. Nothing in this Order is intended to make any representations concerning Plaintiffs' ability to use the depositions at later stages of this proceeding.

under the Federal Rules of Evidence if the deponent were present and testifying; and . . . the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1).

In <u>Vondriska v. Cugno</u>, the Court of Appeals for the Eleventh Circuit held that a deposition need not meet the requirements of Rule 32(a)(1) to be admissible at the summary judgment phase. 368 F. App'x 7, 8-9 (11th Cir. 2010) (unpublished) ("The district court abused its discretion in holding that Rule 32(a) controls the admission of the testimony in these depositions."). The Eleventh Circuit reasoned that a deposition is similar to an affidavit and therefore need only meet the requirements of an affidavit under Federal Rule of Civil Procedure 56(e) ("Rule 56(e)") to be admissible on summary judgment. <u>Id.</u> ("[U]nder Rule 56(e), testimony must be sworn, competent and on personal knowledge, and set out facts that would be admissible in evidence at trial. Depositions, even those taken without notice to or the presence of the later non-moving party on summary judgment, can contain such testimony."). Relevant here is that the Eleventh Circuit proceeded to note that "deposition testimony is at least as good as an affidavit and should be usable whenever an affidavit would be permissible." <u>Id.</u> at 9 (internal quotation marks omitted) (quoting 8A Wright et al., Federal Practice and Procedure § 2142 (2d ed. 1994)).

While not detailed by the Eleventh Circuit in <u>Vondriska</u>, other circuit courts have explored the other contexts in which a deposition may be used like an affidavit and have authorized such use in support of other pretrial motions, beyond motions for summary judgment. <u>See</u> <u>Alexander v. Casino Queen, Inc.</u>, 739 F.3d 972, 978 (7th Cir. 2014) ("A deposition may generally be used as the equivalent of an affidavit in motion practice, even though Rule 32 would bar receipt of the deposition as evidence at trial." (quoting 7

4

Moore's Federal Practice § 32.06 (3d ed. 2013))); see, e.g., United States v. Fox, 211 F. Supp. 25, 30 (E.D. La. 1962) (allowing a party to use depositions as the "equivalent of affidavits" on a motion for a preliminary injunction), aff'd, 334 F.2d 449 (5th Cir. 1964); see also Tingey v. Radionics, 193 F. App'x 747, 765 (10th Cir. 2006) ("As the case law reveals, [Rule 32] is primarily applied as a limitation on introducing deposition testimony at trial."). Other circuit courts also have demonstrated that the same reasoning applies even when the deposition was taken in a different proceeding involving different parties. See Tingey, 193 F. App'x at 765; Gulf USA Corp. v. Fed. Ins. Co., 259 F.3d 1049, 1056 (9th Cir. 2001).

Although the unpublished Vondriska decision and the decisions from other circuit courts are not binding on this Court, these cases are nevertheless instructive as to how the Eleventh Circuit would analyze Plaintiffs' use of the Griffin and Owens depositions in this case. While the parties' briefing on Defendant's Objection focuses on Rule 32(a)(1), Plaintiffs hit the mark in distinguishing their use of the depositions in support of their Supplemental Response from the use of these depositions in their case in chief at trial. (See Doc. 60, p. 3). That is, following the Eleventh Circuit's reasoning in Vondriska, the Griffin and Owens depositions need not satisfy Rule 32(a)(1) to be admissible at the summary judgment phase or in other phases of litigation where affidavits are permissible. See Vondriska, 368 F. App'x at 8–9. Given that affidavits are permissible in motion practice, the Eleventh Circuit likely would allow the depositions to be used like affidavits in briefing on Defendant's Motion to Dismiss or for Alternative Sanctions Due to Spoliation, provided that the depositions meet the requirements of affidavits under Rule 56(e). And it appears that the depositions indeed satisfy these

AO 72A
(Rev. 8/82)

requirements, as they contain sworn testimony that is competent, based on personal knowledge, and comprised of facts that would be admissible at trial.

Based on the foregoing, the Court need not consider the parties' remaining arguments as to Rule 32(a)(1) and the likelihood of prejudice, as these considerations have no bearing on Plaintiffs' use of the Griffin and Owens depositions at this stage in litigation. See Vondriska, 368 F. App'x at 8–9. And while Rule 32(a)(1) could later become relevant if Plaintiffs seek to use the depositions as evidence at trial, an analysis under that rule would be more appropriate on a motion filed at that time. Rather, at present, the Griffin and Owens depositions meet the requirements of affidavits and therefore are usable in opposition to Defendant's Motion to Dismiss or for Alternative Sanctions Due to Spoliation. Defendant's Objection to this use of the depositions (Doc. 59) is therefore **OVERRULED** at this time.

**SO ORDERED**, this 16th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)